FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 3 1 2020 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LARRY BARTON,

        Petitioner,

v.

PAUL CHAPPIUS, Superintendent of Prison,

        Respondent.
------------------------------------------------------------X

**DECISION & ORDER**
15-CV-6944 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:** Larry Barton ("Petitioner"), proceeding *pro se*, brings this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (the "Petition"), challenging his conviction for three counts of Aggravated Attempted Murder, three counts of Assault in the Second Degree, Criminal Possession of a Weapon in the Third Degree, and Criminal Possession of Stolen Property in the Fourth Degree. Petitioner raises four claims: (1) ineffective assistance of trial counsel for failure to preserve issues for appeal; (2) ineffective assistance of trial counsel for failure to properly investigate the case and prepare for cross-examination; (3) prosecutorial and trial court misconduct for allowing witnesses to commit perjury; and (4) ineffective assistance of appellate counsel for failure to raise issues on appeal. For the reasons discussed below, the Petition is DENIED.

## BACKGROUND

### I. Conviction and Sentencing

On February 18, 2008, Petitioner attempted to kill three officers of the New York Police Department ("NYPD"). Aff. of Merri Turk Lasky in Opp'n to Pet. ¶ 4, ECF No. 17 ("Lasky Aff."). On February 18, 2008, Petitioner rammed a stolen Dodge Durango into one officer's Ford Explorer and then attempted to strike two other officers on the street. *Id.* Petitioner subsequently led the NYPD on a three-mile car chase through New York City, reaching speeds of 50 to 60 miles per hour before striking a vehicle with two other officers inside. *Id.* One officer sustained bruised ribs and required multiple days in the intensive care unit, State Court

1

Record ("R.") at 18-10:71–72,[1] another received a hairline fracture of his thumb, R. at 18-10:154–55, and a third had pain in her neck, back, and shoulder, R. at 18-10:195–96. For those acts, Petitioner was charged with five counts of Aggravated Attempted Murder (N.Y. Penal Law §§ 110.00/125.26[1]), five counts of Attempted Murder in the First Degree (N.Y. Penal Law §§ 110.00/125.25[1]), two counts of Assault on a Peace or Police Officer (N.Y. Penal Law § 120.08), six counts of Assault in the Second Degree (N.Y. Penal Law § 120.05[2], [3]), Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law § 265.02[1]), Perjury in the First Degree (N.Y. Penal Law § 210.15), three Counts of Criminal Mischief in the Fourth Degree (N.Y. Penal Law § 145.00[1]), Criminal Possession of Stolen Property in the Fourth Degree (N.Y. Penal Law §165.45[5]), Unauthorized Use of a Vehicle in the Third Degree (N.Y. Penal Law § 165.05[1], and Resisting Arrest (N.Y. Penal Law § 205.30). Lasky Aff. ¶ 5.

Prior to trial, Petitioner's defense counsel raised an argument under *People v. Sandoval*, 314 N.E.2d 413 (N.Y. 1974), to preclude prior convictions from being admitted into evidence. R. at 18-8:11–18. The trial court ruled those prior convictions could be admitted. R. at 18-8:16–17. Petitioner was then tried by a jury before Justice Barry Kron of the New York Supreme Court, Queens County and convicted of three counts of Aggravated Attempted Murder, three counts of Assault in the Second Degree, Criminal Possession of a Weapon in the Third Degree, and Criminal Possession of Stolen Property in the Fourth Degree. Lasky Aff. ¶ 6; R. at 18-9:37–18-12:76. At the conclusion of the trial, Petitioner's counsel moved for a mistrial on the grounds the prosecutor had demeaned the defense in his summation. R. at 18-12:22. The trial court denied the motion for a mistrial, stating though trial counsel's "arguments are substantively

---

[1] As the State Court Record is comprised of multiple documents without consistent pagination, in this Opinion & Order page citations to the State Court Record refer to the ECF docket entry followed by the PDF page number of the document to which the citation refers.

2

correct . . . I sustained objections at the appropriate time and gave the appropriate curative instructions, and I don't think that anything rose to the level of a mistrial." R. at 18-12:22–23.

Petitioner was sentenced on October 16, 2009, to three concurrent indeterminate prison terms of twenty-five years to life for attempted aggravated murder. R. at 18-12:88; Lasky Aff. ¶ 7. Additionally, he was sentenced to determinate sentences of seven years plus five-years post-release supervision for each count of second-degree assault—one to run concurrently with the other sentences and the remaining two to run concurrently with each other, but consecutive to the attempted murder sentence. R. at 18-12:88; Lasky Aff. ¶ 7. Petitioner was also sentenced to two to four years of incarceration for possession of a weapon and two to four years of incarceration for possession of stolen property, to run concurrently with the other sentences. R. at 18-12:89; Lasky Aff. ¶ 7.

## II. Post-Conviction Activity

In May 2011, Petitioner, represented by counsel, filed an appeal to the New York Supreme Court Appellate Division, Second Department (the "Second Department") arguing: (1) the evidence at trial was not legally sufficient to show intentionality as opposed to mere recklessness; (2) the trial court's *Sandoval* ruling was improper; and (3) the prosecution's summation was improper and prejudicial. R. at 18:1–47.

In February 2013, Petitioner filed a *pro se* supplemental brief with the Second Department raising the following issues: (1) the evidence was insufficient to support either the felony complaint or the grand jury indictment; (2) prosecutorial misconduct in knowingly eliciting false testimony; (3) prosecutorial misconduct by denigrating Petitioner during summations; (4) the verdict was against the weight of the evidence; (5) the People did not comply with a requirement to serve notice under N.Y. Crim Proc. Law § 710.30(1)(b); (6) the

3

State withheld material required to be disclosed under *Brady v. Maryland*, 373 U.S. 83 (1963); (7) denial of the effective assistance of counsel at trial when, *inter alia*, counsel failed to properly investigate, failed to call a DNA expert, failed to elicit inconsistencies by the State's witnesses, and failed to obtain exculpatory material; and (8) Petitioner was improperly sentenced on a count for which he was acquitted. R. at 18:106–16.

On October 30, 2013, the Second Department affirmed the judgment of conviction, finding Petitioner's challenge to the sufficiency of the evidence was not preserved for appellate review. *People v. Barton*, 973 N.Y.S.2d 760, 761–63 (N.Y. App. Div. 2013); R. at 18-1:115–17. The Second Department further held the evidence "was legally sufficient to establish the defendant's guilt as to these crimes beyond a reasonable doubt." *Barton*, 973 N.Y.S.2d at 761; R. at 18-1:115.

The Second Department also stated it was "not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel. Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety." *Barton*, 973 N.Y.S.2d at 762–63 (internal citations omitted); R. at 18-1:117. On February 4, 2014, the New York Court of Appeals denied Petitioner leave to appeal. *People v. Barton*, 6 N.E.3d 614 (N.Y. 2014); R. at 18-2:2.

On January 24, 2012, while Petitioner's appeal to the Second Department was pending, he filed a *pro se* motion to vacate judgment under N.Y. Crim. Proc. Law § 440.10 with the original trial court. R. at 18-2:8–10; Lasky Aff. ¶ 15. In his motion, Petitioner raised arguments of ineffective assistance of counsel for (1) failing to properly investigate; and (2) failing to call medical experts as witnesses. R. at 18-2:9.

4

On April 10, 2012, the trial court denied Petitioner's motion to vacate judgment. R. at 18-2:47–52. The trial court held Petitioner's claims of ineffective assistance of counsel based on failure to call witnesses were procedurally barred under N.Y. Crim. Proc. Law § 440.10 as Petitioner, despite having the opportunity, failed to make a record regarding his attorney's failure to call witnesses or experts. R. at 18-2:49. The trial court also rejected Petitioner's claim his trial counsel failed to prepare for trial as it was "wholly based on [Petitioner's] own speculative self-serving statements an[d] is therefore unworthy of belief." R. at 18-2:49. After considering *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court held "[a] review of the record demonstrates that defendant's attorney did provide him with effective assistance of counsel. . . . This Court, having presided over the trial, is satisfied that counsel's performance met both the federal and state standard of meaningful representation." R. at 18-2:51–52. The trial court concluded Petitioner's "assertions are meritless in light of the overwhelming evidence presented at trial." R. at 18-2:51. Petitioner did not seek leave to appeal the trial court's denial of his motion to vacate. Lasky Aff. ¶ 22.

On April 21, 2014, after Petitioner's conviction was affirmed, Petitioner moved to renew his motion to vacate. R. at 18-2: 53–59. The trial court denied Petitioner's renewal of the motion to vacate, holding "a court may deny a motion to vacate a judgment when the facts supporting the claim could have been put on the record, thereby permitting them to be addressed on direct appeal. Defendant could have made a record regarding his attorney's failure to call witnesses or an expert witness on his behalf, but defendant chose not to do so." R. at 18-2:81. Moreover, the trial court again determined "[a] review of the record as a whole demonstrates that defendant's attorney did provide him with effective assistance of counsel." R. at 18-2:84.

On April 24, 2015, Petitioner made a third motion to vacate his conviction with the trial court arguing: (1) the trial court lacked jurisdiction over him; (2) the judgment was procured by false statements; (3) the prosecutor knowingly elicited the false statements; (4) the judgment was obtained in violation of Petitioner's state and federal rights; and (5) actual innocence. R. at 18-3:96. On June 23, 2015, the trial court denied Petitioner's motion for a third time, finding his newly-raised claims were procedurally barred, as they could have been raised on his previous applications to vacate his conviction or in his direct appeal of his conviction. R. at 18-4:46–51. Additionally, the trial court determined the third motion to vacate was "denied on the merits." R. at 18-4:50.

Petitioner then moved for a writ of error *coram noblis* on July 31, 2015. R. at 18-5:16– 95; Lasky Aff. ¶ 36. Petitioner argued his appellate counsel was ineffective because, *inter alia*, they failed to use "sufficient facts appearing on the record, for direct appeal." R. at 18-5:16 (internal quotation marks omitted). The Second Department denied Petitioner's writ with a summary order on May 4, 2016, holding "appellant has failed to establish that he was denied the effective assistance of appellate counsel." *People v. Barton*, 29 N.Y.S.3d 192, 193 (Mem) (N.Y. App. Div. 2016); R. at 18-6:69. On August 1, 2016, Petitioner's application for leave to appeal to the Court of Appeals was denied. *People v. Barton*, 63 N.E.3d 75 (N.Y. 2016); R. at 18-7:10.

## DISCUSSION

I. **Legal Standard**

The Court's review of the Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. A federal *habeas* court may only consider whether a person is in custody pursuant to a state court judgment "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA requires federal courts to apply a "highly deferential standard" when conducting *habeas corpus* review of state court

6

decisions and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks and citations omitted).

*Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the relevant federal law governing ineffective assistance of counsel claims. In reviewing a state court's application of the *Strickland* standard, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the inquiry, the analysis would be no different than if, for example, [the district court] were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States [D]istrict [C]ourt." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). However, as an initial matter, the Court may evaluate whether defense counsel's performance was sufficient under *Strickland*, as a finding defense counsel met the *Strickland* standard is dispositive of Petitioner's AEDPA claim for ineffective assistance of counsel. *Moreno v. Smith*, 06-CV-4602, 2010 WL 2975762, at *15 (E.D.N.Y. July 26, 2010) (Matsumoto, J.).

> Under *Strickland*, in order to prevail on an ineffective-assistance-of-counsel claim, a defendant must meet a two-pronged test: (1) he "must show that counsel's performance was deficient," 466 U.S. at 687, 104 S.Ct. 2052, so deficient that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," *id.* at 690, 104 S.Ct. 2052; and (2) he must show that "the deficient performance prejudiced the defense," *id.* at 687, 104 S.Ct. 2052, in the sense that "there is a reasonable possibility that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. 2052.

*Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011). "It is the accused's 'heavy burden' to demonstrate a constitutional violation under *Strickland*." *Moreno*, 2010 WL 2975762 at *15 (quoting *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004)).

7

Under the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential. . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks and citations omitted).

Under the second prong, to establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law." *Id.* at 694.

Because the Court of Appeals, Second Department and the trial court adjudicated Petitioner's claims and properly considered the federal jurisprudence of *Strickland*, the Court's "review is extremely deferential: a state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Chrysler v. Guiney*, 806 F.3d 104, 118 (2d Cir. 2015) (internal quotation marks omitted). With these legal principles in mind, the Court now turns to the analysis of Petitioner's request for *habeas* relief based on ineffective assistance of counsel.

### A. Trial Counsel Properly Introduced Contradictory Evidence at Trial

Petitioner argues trial counsel was ineffective because trial counsel failed to bring to the court and jury's attention "the prosecutor allowed his witnesses to commit perjury" and further failed by not calling the victims' doctors or radiologist to testify at trial. Pet. at 6, ECF No. 1. However, Petitioner's argument does not meet the standard set forth by *Strickland*.

8

A review of the record reveals a professionally sound performance by trial counsel. As an initial matter, Petitioner's contention that trial counsel failed to present evidence of perjury fails. Nothing in the record supports a conclusion any of the witnesses for the prosecution committed perjury. Moreover, it is clear trial counsel appropriately sought to attack the witnesses' credibility, where appropriate, on cross-examination. Trial counsel elicited statements from Officer Tobin regarding the lack of medical verification of her injuries and her immediate departure on vacation subsequent to visiting the hospital. R. at 18-10:195–97. Further, counsel established on cross-examination Officer Boneta's hand injury did not appear in the initial x-rays but was only identified by an orthopedic specialist some days later. R. at 18-10:153–55. Counsel was also able to suggest Officer Boneta's injury may have come from climbing a fence, rather than from gripping the steering wheel when Petitioner crashed his car into the car driven by the officers. R. at 18-10:153. Trial counsel may have been concerned calling medical experts to testify to the officers' injuries would have a deleterious effect on Petitioner's defense, particularly given his cross-examinations. Trial counsel's strategic decision does not constitute ineffective assistance. *See, e.g., Henry v. Poole*, 409 F.3d 48, 63 (2d Cir. 2005) ("Actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance.") (internal citations and quotations omitted).

Petitioner also argues trial counsel was ineffective "by not developing a factual record of false testimony [and] perjury that was committed by the prosecution witnesses PUO Peter Boneta and Det. William Heiser at the grand jury" and by not using the complaint in the trial to show the officers testified in the complaint "giving a different theory about their injury." Pet'r's Reply at 8, ECF No. 23. To the contrary, trial counsel specifically attacked Detective Heiser's testimony, at appropriate times, using contrary statements he made before the grand jury. R. at

18-10:77–78. Trial counsel conducted an appropriate cross examination of Detective Heiser regarding his injuries. R. at 18-10:108–13. Further, the criminal complaint largely tracks the testimony provided by Detective Heiser at trial. Felony Compl. at 1–4, Pet'r's Reply Ex. B, ECF No. 23-1. Though the criminal complaint identifies different injuries to Officer Boneta than he described at trial—namely, injuries to his leg—it was reasonable for trial counsel not to cross examine Officer Boneta with the complaint as the deponent in the complaint was Detective Busso, weakening any damage the misstatement or contradiction would have had on Officer Boneta's credibility. *Id.* at 2–4.

Accordingly, Petitioner has failed to establish trial counsel's representation meets the first prong under *Strickland*, *i.e.*, Petitioner has failed to establish trial counsel's performance was deficient. Because Petitioner has failed to meet the first prong under *Strickland*, the Court need not engage in analysis of the second prong under *Strickland*. 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [Petitioner] makes an insufficient showing on one."). Therefore, Petitioner's claim for *habeas* on this ground must be DENIED.

### B. Trial Counsel Conducted a Reasonable Investigation Prior to Cross-Examination

As a second ground for relief, Petitioner largely restates the same argument raised in his first ground, arguing trial counsel failed to subpoena the officers' doctors or radiologist to determine the extent of the officer's injuries "to show the jury that the officers lied and [were] not reliable witnesses." Pet. at 7. Petitioner's argument again fails as Petitioner cannot show any prejudice based on trial counsel's decision not to subpoena the treating physicians. Trial counsel conducted a thorough cross-examination of the injured officers, as described above. R. at 18-10:75–114 (Detective Heiser), 18-10:139–55 (Officer Boneta), 18-10:177–18-11:1 (Officer

Tobin). Petitioner has not demonstrated any facts, which might have come to light as a result of a subpoena of the officer's treating physicians, not already included in the record. As a result, Petitioner has shown neither ineffective assistance of counsel nor any prejudice to him as a result of trial counsel's decision not to subpoena or investigate further into the treating physicians. *Strickland*, 466 U.S. at 687, 690. Therefore, Petitioner's claim for *habeas* on this ground must be DENIED.

### C. Trial Court Did Not Err by Failing to Charge the People's Witnesses with Perjury

Petitioner argues the trial court erred by failing to charge the People's witnesses with perjury and declare a mistrial "in the face of blatant, inflammatory and highly prejudicial prosecutorial misconduct . . . [when] the prosecutor intentionally elicited false testimony from the people's witnesses." Pet. at 9. To the contrary, there is no indication from the record or the parties' submissions any of the witnesses testifying for the prosecution made any false testimony, let alone any basis to conclude the prosecutor knew any testimony was false.

Moreover, Petitioner raised the same argument in his direct appeal to the Second Department as well as in his third motion to vacate the judgment. Both the Second Department and trial court rejected Petitioner's argument as it was procedurally barred under New York Criminal Procedure Law ("NYCPL") §§ 440.10(2)(a), 440.10(3)(c), and 470.05(2) as he should have raised the claim in his first motion to vacate the judgment. *Barton*, 973 N.Y.S.2d at 762–63; R. at 18-1:117 (Second Department); R. at 18-4:46–51 (trial court). Federal *habeas* review is thus barred for Petitioner's default unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

11

Petitioner argues he has good cause for failing to raise this argument because his trial counsel and appellate counsel were both ineffective as "counsel made no defense to show that the prosecutor allowed the witnesses to commit perjury." Pet'r's Reply ¶ 65, ECF No. 23. He further argues his appellate counsel was ineffective "for failure to raise in the brief, that trial counsel was ineffective by not showing the jurors that the officers knowingly, and deliberately decided to 'lie' about their injuries." *Id.* ¶ 70. Petitioner has not shown cause for failing to raise this argument before the state court. To comply with the requirements of NYCPL §§ 440.10(2)(a), (3)(c) and 470.05(2), Petitioner needed to raise his claim of prosecutorial misconduct in his first motion to vacate the judgment. As Petitioner raised those claims in his *pro se* supporting brief in his direct appeal and his third *pro se* motion to vacate the judgment, he demonstrably could have raised the claim during his first motion to vacate the judgment. Therefore, Petitioner's claim for *habeas* relief on this ground must be DENIED.

### D. Petitioner Received Effective Assistance of His Appellate Counsel

Petitioner seeks relief under a fourth ground, arguing "his appellate counsel failed him." Pet'r's Reply ¶ 145; Pet. at 10–11. Petitioner argues he was denied the effective assistance of appellate counsel because his counsel on appeal did not raise issues of insufficiency of the evidence, ineffective assistance of trial counsel, and deficient grand jury proceedings. *Id.* Petitioner's argument is unavailing.

Petitioner raised this argument in his writ of error *coram noblis*, which was denied by the Second Department on the grounds Petitioner "failed to establish that he was denied the effective assistance of appellate counsel". *Barton*, 29 N.Y.S.3d at 192 (citing to *Jones v. Barnes*, 463 U.S. 745 (1983)); R. at 18-6:69.

To prevail on this ground, Petitioner must show his appellate counsel's "performance was deficient." *Bennett*, 663 F.3d at 84. To the contrary, appellate counsel's brief on Petitioner's direct appeal was professionally sound and cogently raised three questions including the sufficiency of the evidence against Petitioner. R. at 18:5. Appellate counsel "need not advance *every* argument, regardless of merit, urged by the appellant." *Evitts v. Lucey*, 469 U.S. 387, 394 (1985) (emphasis in original). Petitioner does not have a "constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Indeed, by choosing the three arguments to make on Petitioner's appeal, appellate counsel selected "from among [the possible arguments] in order to maximize the likelihood of success on appeal." *Chrysler*, 806 F.3d at 118.

Because Petitioner has failed to meet the first prong under *Strickland*, the Court need not engage in analysis of the second prong under *Strickland*. 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [Petitioner] makes an insufficient showing on one."). Therefore, Petitioner's claim for *habeas* on this ground must be DENIED.

## CONCLUSION

Petitioner's petition for a writ of *habeas corpus* is DENIED in its entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The Clerk of the Court is directed to serve notice of entry of this Order on all parties and to close the case.

**SO ORDERED**

s/ WFK II

Dated: March 27, 2020
Brooklyn, New York

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE